[Cite as *Jochum v. Nationwide Gen. Ins. Co.*, 2022-Ohio-756.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| MICHAEL JOCHUM, | **CASE NO. 2021-L-055** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| NATIONWIDE GENERAL<br>INSURANCE COMPANY, | Trial Court No. 2019 CV 001265 |
| Defendant-Appellee. | |

# O P I N I O N

Decided: March 14, 2022
Judgment: Affirmed

*Michael P. Harvey,* Michael P. Harvey Co., LPA, 311 Northcliff Drive, Rocky River, OH 44116 (For Plaintiff-Appellant).

*William H. Falin,* Moscarino & Treu, LLP, 1422 Euclid Avenue, Suite 630, Cleveland, OH 44115 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Michael Jochum, appeals the February 4 and April 26, 2021 orders of the Lake County Court of Common Pleas, which granted summary judgment in favor of appellee, Nationwide General Insurance Company ("Nationwide"), on two bifurcated cases. For the reasons set forth herein, the judgments are affirmed.

{¶2} Mr. Jochum purchased a home in Mentor, Ohio, which unbeknownst to Mr. Jochum at the time of purchase, was built on salt, fly ash, lime waste, and other chemicals. Shortly after purchasing the property, Mr. Jochum began to experience salt

problems in his basement, sump pump, and related systems issues.  He discovered the previous owners had the same issues and in 2016 sued them for fraudulent concealment and won.  The jury apparently awarded him only $5,000 in damages purportedly because his former attorney did not present expert testimony as to damages.  He subsequently submitted a claim to his insurance company, Nationwide, who denied the claim stating that what is under his property are "contaminants" which are excluded from coverage under the terms of his policy, and that his claim was not timely made.

{¶3}　　Mr. Jochum then filed a complaint against Nationwide for breach of contract and bad faith.  Nationwide filed a counterclaim for declaratory judgment and moved to bifurcate the two issues.  The court granted the motion and stayed discovery on the bad faith claim pending resolution of the breach of contract claim.  In due course, Nationwide moved for partial summary judgment on the breach of contract claim and its counterclaim, which the court granted, over Mr. Jochum's objections, on February 4, 2021.  Nationwide then, with leave of court, moved for summary judgment on the bad faith claims, which the court granted April 26, 2021.

{¶4}　　It is from these two judgments that Mr. Jochum now appeals, assigning five errors for our review.  Errors one, four, and five are related and will be addressed together:

{¶5}　　1. Whether the trial court's decision to grant Summary Judgment to Nationwide was error.

{¶6}　　4. Whether the trial court's granting of Summary Judgment by ignoring ambiguous contaminations exclusions was error.

{¶7}　　5. Whether permitting an insurance company to decide for itself what its own ambiguous clauses meant in the context of Summary Judgment makes the insurance contract illusory and a jury issue.

2

{¶8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is "no genuine issue as to any material fact" to be litigated, (2) the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion," which is adverse to the nonmoving party. In reviewing a motion for summary judgment, the appellate court conducts a de novo review and must construe the evidence in favor of the nonmoving party. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶9} Mr. Jochum's only contention on appeal is that the salt under his house was improperly classified as a contaminant that is not covered by his insurance policy. Even if we were to agree with Mr. Jochum's arguments on appeal, we could not grant him the relief he seeks as the judgment is supported on other separate and undisputed grounds.

{¶10} The trial court found that based on the facts as admitted in his complaint and again in his deposition, Mr. Jochum did not file a timely action. The policy requires that any action against Nationwide be started within one year after the date of loss or damage. Though Mr. Jochum was unaware of the existence of the salt and other chemicals under his house when he purchased it in 2015, he became aware of the damage to the property caused by the salt and other chemicals within the first year, a fact he readily admits. In fact, Mr. Jochum filed suit against the prior owners in September 2016. Thus, as the trial court correctly reasoned, the loss occurred, and the plaintiff was aware of the loss, at least by that date. As he did not file his complaint against Nationwide

3

until August 2019, it was not brought within one year of the loss or damage. The court's findings are supported by the record before us. Moreover, Mr. Jochum does not challenge the court's findings in this regard on appeal. On these grounds alone, Mr. Jochum cannot be granted the relief he seeks.

{¶11} Accordingly, Mr. Jochum's first, fourth, and fifth assigned errors are without merit.

{¶12} His second and third assigned errors are related and will be addressed together. They state:

{¶13} 2. Whether the trial court granting Nationwide's Motion to Bifurcate over Objections was error.

{¶14} 3. Whether the trial court's refusal to permit the Plaintiff to proceed on any bad faith discovery was error.

{¶15} "[A] trial court's disposition of a discovery matter is normally reviewed under an abuse of discretion standard." *Stewart v. Siciliano*, 11th Dist. Ashtabula No. 2011-A-0042, 2012-Ohio-6123, ¶43, citing *Simeone v. Girard City Bd. of Edn.*, 171 Ohio App.3d 633, 2007-Ohio-1775, ¶21 (11th Dist.). "However, if the discovery issue involves an alleged privilege, it is a question of law and will be reviewed de novo." *Stewart, supra,* citing *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, ¶13. Though Nationwide withheld several documents as privileged, appellant's arguments on appeal appear to be limited to not having enough time for discovery on the bad faith claim because the issues were bifurcated.

{¶16} "'An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.'" *Stewart, supra,* at ¶13, quoting *Zoppo v.*

4

*Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), at paragraph one of the syllabus.  Though in *Stewart* this court noted that even if an insurer is justified in denying a claim, it can act in bad faith in other ways as well.  Mr. Jochum does not argue Nationwide acted in bad faith in any way other than by denying his claim.  Thus, his bad faith claim hinged on the initial determination of the coverage issues, and no discovery on this issue was necessary until the coverage issues were resolved.  Moreover, since coverage was resolved in favor of Nationwide, no discovery on Mr. Jochum's bad faith claim could support a finding that Nationwide's denial was unjustified.  *See Dutch Maid Logistics, Inc. v. Acuity*, 8th Dist. Cuyahoga No. 91932, 2009-Ohio-1783, ¶36.

{¶17} Accordingly, Mr. Jochum's second and third assigned errors are without merit.

{¶18} In light of the foregoing, the judgments of the Lake County Court of Common Pleas are affirmed.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-055